**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KENNETH FLAPPAN,**        )<br>                                                  )<br>             **Plaintiff,**         )<br>                                                  )<br>**v.**                                          )<br>                                                  )<br>**AMERIGAS PROPANE, INC., et al.,**  )<br>                                                  )<br>             **Defendants.**      )<br>_____) | **CIVIL ACTION**<br><br>**No. 08-2014-KHV** |

**MEMORANDUM AND ORDER**

Kenneth Flappan brought suit against Amerigas Propane, Inc., Lowe's Home Centers, Inc. ("Lowe's") and W.C. Bradley Co. alleging negligence, strict liability and breach of warranty in Kansas state court. On January 7, 2008, Lowe's removed the action pursuant to 28 U.S.C. § 1441 and asserted diversity jurisdiction under 28 U.S.C. § 1332(a). See Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1332(a)(1) (Doc. #1). This matter comes before the Court on Plaintiff's Motion For Remand (Doc. #14) filed February 22, 2008. For reasons stated below, the Court sustains the motion.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Section 1447(c) requires the Court to remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." More specifically, Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." Under Section 1447(e), the post-removal addition of a non-diverse

party compels the Court to remand the action.  See Wayman v. Accor N. Am., Inc., 486 F. Supp.2d 1280, 1286-87 (D. Kan. 2007) (rejecting argument that complete diversity must exist only at time of removal).

On February 21, 2008, plaintiff amended his complaint to substitute Amerigas Partners, L.P. and Char-Broil, LLC as defendants in place of Amerigas Propane, Inc. and W.C. Bradley Co.  See First Amended Petition For Damages (Doc. #13).  Plaintiff argues that the Court should now remand this case because the addition of Amerigas Partners destroys complete diversity.

As noted above, Lowe's removed the action solely on the basis of diversity jurisdiction under Section 1332(a), which requires complete diversity between all plaintiffs and all defendants.  Radil v. Sandborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004).  For purposes of Section 1332(a), the citizenship of a limited partnership is determined by the citizenship of each of its partners.  Jenkins v. MTGLQ Investors, 218 Fed. Appx. 719, 723 (10th Cir. 2007) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990)).  In its response, Lowe's concedes that some partners of Amerigas Partners are citizens of Kansas, which destroys complete diversity with plaintiff, who is also a Kansas citizen.  Because plaintiff has amended his complaint to include a non-diverse defendant, the Court finds that remand is appropriate under 28 U.S.C. § 1447(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Remand (Doc. #14) filed February 22, 2008 be and hereby is **SUSTAINED**.  This matter is hereby **REMANDED** to the District Court of Johnson County, Kansas.

Dated this 7th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
